■ In the Matter of the Claim of SARAH FISHMAN, Respondent, v. LOUSAN GENERAL CONSTRUCTION CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Decedent was a carpenter. He was working on an eight-foot high ceiling, standing on a platform of boards mounted on horses with cross pieces usable as steps. He was alone in the room and had apparently completed the nailing of a plate to the ceiling. He was found dead with his head wedged between two studs, one leg on the step of the horse and the other extending upward supported by the horse. There were no cuts, bruises or other external signs of injury. Death was due to atherosclerosis of the coronary arteries with myocardial infarction. There is no proof of unusual exertion connected with his death. One physician speculated on the possibility that decedent may have lost his balance because of the " precarious " place in which he worked and in the course of falling " sustained such a severe emotional shock that it precipitated a fatal myocardial infarction ". That decedent lost his balance is speculation in a field, not of medicine, but of generalized occurrences in which a physician has no special competence. The presumption which attaches

to unwitnessed accidents resulting in death is here effectively overcome by proof that the only cause of death is a natural cause. No injury resulting from the fall is shown from which it might be inferred that the fall came first and the impact hastened death or affected the physical condition of the decedent. The lack of any physical consequences such as bruise or bleeding, from the fall indicates that the decedent was dead when his head struck the studs. The case is governed by our decision in *Matter of Commissioner of Taxation & Finance* v. *Jordan Bros.* (279 App. Div. 1123), to which it is closely similar; and seems also to be within the general rule affecting presumptions laid down in *Matter of McCormack* v. *National City Bank of N. Y.* (303 N. Y. 5). Award reversed and claim dismissed, with costs against the Workmen's Compensation Board. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.